UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SUSAN HELLER,

    Defendant,
_____/

Case No. 2:22-cv-516-SPC-KCD

## AMENDED ORDER OF SALE

The Court entered judgment in this action on December 19, 2022 (Doc. 36), in favor of the United States and against Defendant Susan Heller for unpaid tax liabilities in the amount of $1,155,386.63, plus interest. The judgment also ordered that real property at 12601 Hunters Ridge Drive, Bonita Springs, Florida 34135 (the "Property") may be sold, and the proceeds distributed to the United States and applied to Defendant Susan Heller's federal tax liabilities upon a motion by the United States.

On July 31, 2023, the United States moved for a decree of foreclosure and order of sale, which the Court granted. (Doc. 41.) The decree of foreclosure and order of sale are **AMENDED** by this Order.

The legal description of the Property is:

Lot 2, Block C, HUNTERS RIDGE, according to the plat thereof, as recorded in Plat Book 41, Pages 1 through 13, of the Public Records of Lee County, Florida.

Also known as Parcel ID# 06-48-26-B3-0010C.0020.

The Property shall be sold pursuant to 26 U.S.C. §§ 7402(a), 7403 and 28 U.S.C. §§ 2001, 2002.

Accordingly, it is hereby **ORDERED** as follows:

1. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

2. **Terms and Conditions**: The terms and conditions of the sale are as follows:

a. The sale shall be free and clear of all rights, titles, claims, liens and interests of all parties to this action, including the United States and Defendant Susan Heller and any successors in interest or transferees of those parties;

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

*Sale location*

c. The sale of the Property shall be by public auction under mail-in bid, proxy bid, at the Courthouse of Lee County, Florida, or on the Property's premises. Open of mail in bid forms will occur at the PALS office location.

*Notice of Sale*

d. The PALS shall announce the date and time for the sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Lee County, Florida and by any other notice PALS deems appropriate. The notice shall contain an adequate description of the Property, but need not contain the full legal description, and shall contain the terms and conditions of sale set forth in this Order of Sale. **If the sale is conducted via mail-in bid, all bids are to be received by PALS no later than 11:00 a.m. on the day of the sale**;

*Minimum Bid*

f. The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale, and may reduce the minimum bid;

*Payment of Deposit and Balance*

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the "United States District Court for the Middle District of Florida," a deposit in an amount between five (5) and twenty (20) percent of the minimum bid, as specified by the PALS in the published notice of sale. Before being permitted

3

to bid at the sale, potential bidders shall show the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

    h. The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Middle District of Florida shall be given to PALS who will deposit the funds with the Clerk of this Court. **If the sale is conducted via mail-in bid, the deposit is to be provided with the bid and will be returned if the bid is not accepted**. If the bidder fails to fulfill these requirements, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Defendant Susan Heller at issue herein. The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States;

    i. Each mail-in bid will be deemed to make a first bid of the minimum bid specified by PALS. Each mail-in bid must also specify the maximum bid the bidder wishes to make. Failure to specify a maximum bid will result in the bid being invalid, and PALS shall return the bid and deposit to the bidder.

j. If PALS receives at least two valid mail-in bids, the winning bidder shall be the one with the highest maximum bid, and the sales price will be the lesser of (1) of the second-highest maximum bid plus $1,000, or (2) the highest maximum bid.

k. If two or more different mail-in bidders specify the same maximum bid and that maximum bid is the highest maximum bid, PALS may, without further authorization from the Court, solicit further mail-in bids from all such bidders until a single bidder has the highest maximum bid.

l. The Clerk of the District Court is directed to accept the deposit and sale proceeds and deposit them into the Court's registry for distribution pursuant to further order of this Court;

*Confirmation of Sale*

m. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished. When this Court confirms the sale, the Recording Official of Lee County, Florida, may cause the transfer of the Property to be reflected upon that county's register of title.

n. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of

the date of the confirmation of the sale, to the successful bidder(s) or as designated in writing by the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

    o. All rights to rents of or from the Property arising after the final judgment in this action and before the confirmation of the sale of the Property shall constitute proceeds of the Subject Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to product, offspring, rents, and profits of or from the Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Property shall transfer to the successful bidder(s).

### *Redemption*

    p. The sale of the Property is ordered pursuant to 26 U.S.C. § 7403 and is made without right of redemption.

    3. **Preservation of the Property**: Until the Property is sold, the Defendant Susan Heller shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on each property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property.

She shall neither commit waste against the Property, nor cause or permit anyone else to do so. She shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. She shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall she cause or permit anyone else to do so. Violation of this paragraph shall be deemed contempt and shall be punishable as such.

    4. **Vacating the Property**: All persons occupying the Property shall vacate the property permanently within thirty (30) days of the date of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). The United States may, in writing and in its sole discretion, extend the time to vacate. If any person fails or refuses to vacate the Property by the date specified in this Order of Sale, or as extended by the United States, the United States, including the PALS and the United States Marshals Service, is authorized to take all actions that are reasonably necessary to have those persons ejected or excluded. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but

not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order of Sale. The United States Marshals Service is further authorized and directed to arrest, evict, or re-evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order of Sale.

5. **Abandoned Personal Property**: Any personal property remaining on the Property thirty (30) days after the date of this Order of Sale (or as extended in writing by the United States) is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including disposal or sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to the parties as directed by the Court. Checks for the purchase of personal property shall be made out to the "Clerk of District Court for the Middle District of Florida," and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

6. **PALS' Access to the Property**: Pending the sale of the Property, and until confirmation of sale, the IRS and PALS are authorized to have free and full access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith

or other person to change or install locks or other security devices on any part of the Property.

    7. **Forwarding Address**: No later than two (2) business days after vacating the Property, pursuant to the deadline set forth in paragraph (4) above, defendant Susan Heller or an agent thereof shall notify counsel for the United States of a forwarding address where she can be reached. Notification shall be made by contacting the trial attorney for the United States, Malcolm M. Murray, at (202) 307-6499.

    8. **Claims**: The United States has an interest of $1,155,386.63, plus interest and other statutory additions from December 19, 2022.[1] Any other defendant wishing to claim an interest in the sale proceeds must submit to the court evidence of its claim, the amount, and the priority of its claim within forty-five (45) days from the entry of this Order of Sale.

    9. **Distribution of Sale Proceeds**: After the Court confirms the sale of the Property, absent any showing to the contrary, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

---

[1] The United States will update the amount due, if necessary, in its motion for confirmation of sale and distribution of proceeds.

  a. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court;

  b. Second, to pay for all other costs and expenses of sale, including title insurance;

  c. Third, to all taxes unpaid and matured that are owed to Lee County, Florida, or other local taxing authority, for real property taxes and other local assessments due and owing, if any, which are entitled to priority under 26 U.S.C. § 6323(b)(6);

  d. Fourth, to the plaintiff United States of America for satisfaction of the federal tax liabilities due and owing for Defendant Susan Heller's federal tax liabilities, totaling $1,155,386.63 for the 2007-2014 tax years, plus statutory additions including interest accruing from December 19, 2022;

  e. Fifth, any further remaining sale proceeds shall be paid to Defendant Susan Heller.

  **ORDERED** in Fort Myers, Florida on June 3, 2025.

Kyle C. Dudek
United States Magistrate Judge